**Valeriano DE LEON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00264–CR.**

Court of Appeals of Texas,
San Antonio.

July 6, 1983.

J. Randall Keltner, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL, and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for the offense of possession of heroin. Trial was to a jury which found appellant guilty. Punishment was enhanced and set at life imprisonment in the Texas Department of Corrections. Appellant presents us with four grounds of error.

In ground of error number one and two, appellant alleges that he was denied his right to due process and a fair and impartial trial due to ineffective assistance of counsel and due to certain improper conduct engaged in by the State. Appellant cites the following four instances in support of his contentions:

(1) permitting defendant to take the stand and admit to his prior criminal record;

(2) failure of defense counsel to object to the cross-examination of defendant therefore allowing State to humiliate defendant;

(3) insufficient pre-trial preparation;

(4) dismissal of co-defendant's case thereby unable to pursue or destroying defendant's theory that he was not the true possessor of the contraband.

█ It is well settled that the right of an accused to counsel means the right to effective counsel, but does not mean perfect, unerring counsel, or counsel judged ineffective by hindsight. *See Ex parte Burns,* 601 S.W.2d 370, 372 (Tex.Cr.App. 1980); *Butler v. State,* 499 S.W.2d 136, 139 (Tex.Cr.App.1973). The test to be applied in determining whether counsel has provided constitutionally effective assistance is the "reasonably effective assistance" standard. *Stone v. State,* 638 S.W.2d 629, 631 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd); *Johnson v. State,* 614 S.W.2d 148, 149 (Tex.Cr.App.1981). Adequacy is viewed

in light of the totality of representation. *Johnson* at 149; *Howell v. State,* 563 S.W.2d 933, 937 (Tex.Cr.App.1978).

With respect to appellant's argument that his attorney erred by permitting him to take the stand and admit to his criminal record, we note at the outset that it was appellant himself who insisted on taking the stand to testify. The following colloquy which took place between appellant and his attorney clearly reflects this:

Q: Mr. De Leon, I have advised you that you do not have to take the stand; is that not correct?

A: Yes, sir.

Q: I've also advised you you do not have to make any answer that I make to you?

A: Yes, sir.

Q: I've advised you you have a right to remain silent?

A: Yes, sir.

Q: And anything you say can and will be used against you in this court?

A: Yes, sir, I know.

Q: In spite of the constitutional rights that you have that I have explained to you, you wish to take the stand?

A: I do.

Q: Okay. In spite of my recommendation that you don't take the stand?

A: Yes, sir.

Q: You still insist on taking the stand and be put through a series of questions?

A: That's right.

\* \* \* \* \* \*

█ Defense counsel, as he should, appraised the case and did the best he could given the facts and circumstances. *See Benoit v. State,* 561 S.W.2d 810, 818 (Tex.Cr. App.1977); *See, Rockwood v. State,* 524 S.W.2d 292, 293 (Tex.Cr.App.1975). An attorney has a professional duty to present all arguments to support the defense of his client. *See Stone v. State, supra* at 631; *See Thomas v. State,* 550 S.W.2d 64, 68 (Tex.Cr.App.1977). In the case at bar, it is obvious from the following excerpt on di-

rect examination, that the strategy was for appellant to "come clean" before the jury:

Q: The times that you have pled guilty to various offenses, why did you plead guilty?

A: Well, all the convictions I've had I've been guilty. I've been guilty on all of them. I pled guilty on all the cases that I had.

Q: You've pleaded guilty?

A: Yes, sir.

Q: But you've pled guilty all these times?

A: Well, I've pled guilty all the time.

Q: Why did you plead guilty?

A: Because, well, I've been guilty.

Q: This time you pled not guilty?

A: I'm pleading not guilty.

Q: Why did you plead not guilty this time?

A: Because I'm not guilty.

■ As the Court of Criminal Appeals stated in *Ewing v. State,* 549 S.W.2d 392, 395 (Tex.Cr.App.1977), "we are not in a position to 'second guess,' through appellate hindsight, the strategy adopted by counsel at trial." The fact that another attorney might have pursued a different course of action at trial, will not support a finding of ineffectiveness. *Blott v. State,* 588 S.W.2d 588, 592 (Tex.Cr.App.1979); *Howell v. State, supra* at 937. Thus, we find no merit to appellant's argument that he received ineffective assistance of counsel by permitting him to take the stand and admit to his prior criminal record.

■ Similarly, appellant's argument that his counsel was ineffective on the basis that he (defense counsel) failed to object to questions propounded by the prosecution as to: (a) how a court works, (b) what the term stack and concurrent meant, and (c) identification from a judgment and sentence is without merit. It is the law that when a defendant chooses to waive his privilege against self-incrimination by voluntarily taking the witness stand he is generally subject to the same rules as any other witness. *Bell v. State,* 620 S.W.2d 116, 124

(Tex.Cr.App.1981) (motion for rehearing). He may be contradicted, impeached, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness. *Id.* The questions propounded by the State, on cross-examination, were proper in view of the fact that appellant had "opened the door" on direct examination by introducing his prior criminal record and claiming that the only reason he was pleading not guilty in the instant case was that he was, in fact, not guilty. *See Bell v. State,* at 126; *See Nelson v. State,* 503 S.W.2d 543, 545 (Tex. Cr.App.1974). The State, through its cross-examination, dispelled the impression left by appellant and established that the guilty pleas previously entered by appellant were in effect the result of plea bargain agreements.

■ Insofar as appellant's allegation that he was denied effective assistance of counsel due to insufficient pre-trial preparation because defense counsel filed "only two motions," we find it too is without merit. Appellant fails to point out what motions could or should have been filed or how he would have benefitted therefrom. *See Hunnicutt v. State,* 531 S.W.2d 618, 624 (Tex.Cr.App.1976), *overruled on other grounds,* 606 S.W.2d 887 (Tex.Cr.App.1980). The mere "shot gun" filing of pre-trial motions, for the sake of appearance, does not in and of itself effectively aid the defense of an accused. *Id.; See Hayes v. State,* 484 S.W.2d 922, 925 (Tex.Cr.App.1972).

Finally, appellant complains that he was represented by ineffective counsel because defense counsel also represented a co-defendant, and successfully procured the dismissal of this co-defendant's case. Appellant argues that by doing so, defense counsel destroyed appellant's defense that he was not the true possessor of the heroin.

■ In order to establish a violation of the right to effective assistance of counsel because his lawyer had a conflict of interest due to multiple representation of defendants, a defendant who raised no objection at trial, such as in the instant case,

must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348–49, 100 S.Ct. 1708, 1718–19, 64 L.Ed.2d 333, 346–47 (1980); *Gonzales v. State,* 605 S.W.2d 278, 282 (Tex.Cr.App.1980). Representation of multiple defendants by one attorney is not per se, such an actual conflict. *See Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *See Pete v. State,* 533 S.W.2d 808 (Tex.Cr.App.1976). Appellant claims there was a conflict of interest because defense counsel could not effectively and vigorously have cross-examined the co-defendant, Mr. Lira, had Mr. Lira taken the stand. We disagree with appellant. There was no conflict of interest since once the court became aware that the co-defendant, who had been subpoenaed by defense counsel, was also represented by defense counsel, it appointed different counsel "to represent and advise and instruct Mr. Lira of his position and his rights in this matter." Under such circumstances, defense counsel's representation was not fettered or restrained for the trial court in effect removed any such potential restraint or conflict by appointing different counsel to represent the co-defendant. Recognizing that effective assistance of counsel is to be measured on the totality of representation, rather than isolated acts or omissions, as stated in *Boles v. State,* 598 S.W.2d 274, 279 (Tex.Cr.App.1980), we find appellant was not denied effective assistance of counsel where defense counsel played an active role in the defense of his client, cross-examined all of the State's witnesses, and put on witnesses of his own. Accordingly, we overrule grounds of error one and two.

In ground of error number three appellant claims that the trial court erred in failing to grant a hearing and a new trial based on improper considerations by the jury in their deliberations. In effect appellant complains that the trial court erred in failing to grant a new trial on the basis of jury misconduct under Tex.Code Crim.Proc. Ann. art. 40.03(8) (Vernon 1978). Tex.Code Crim.Proc.Ann. art. 40.03(8) (Vernon 1978). Tex.Code Crim.Proc.Ann. art. 40.03(8) reads in pertinent part:

New trials in cases of felony shall be granted . . . for the following causes and for no other:

(8) where, from the misconduct of the jury, the court is of the opinion that the defendant has not received a fair and impartial trial. It shall be competent to prove such misconduct by the voluntary affidavit of a juror; . . .

 A motion for new trial is addressed largely to the discretion of the trial court, and unless it is made to appear that the court abused its discretion, the appellate court is not justified in disturbing the judgment. *Appleman v. State,* 531 S.W.2d 806, 810 (Tex.Cr.App.1976) (motion for rehearing). It is well settled that a motion alleging jury misconduct, must be supported by an affidavit of a juror or some other person who was in a position to know the facts. *Ward v. State,* 505 S.W.2d 832, 837, *cert. den'd,* 419 U.S. 864, 95 S.Ct. 117, 42 L.Ed.2d 100 (1974); *Howard v. State,* 484 S.W.2d 903, 904 (Tex.Cr.App.1972).

 The affidavit in the case before us is that of Mr. Robert G. Reyes, a private investigator hired by defense counsel. The State argues that the affidavit submitted by appellant in support of his motion for new trial is insufficient since it is not the affidavit of "jurors or some other individual in a position to know the facts." An affidavit of a juror is proper, but it is not the exclusive method. *Howard* at 905; *See Prince v. State,* 158 Tex.Cr. 320, 254 S.W.2d 1006, 1011 (1953). Where the appellant is unable to secure such an affidavit, it is incumbent upon him to show this. *Prince* at 1011. This might be done by an affidavit of some person, reciting that a member of the jury had told them of misconduct, followed by an affidavit to the effect that though requested to do so, such juror had refused to make an affidavit thereto. *Prince* at 1011.

A review of the affidavit in the instant case, reveals that it meets the requisites for raising the issue of jury misconduct as set out in *Prince, supra.* However, although the affidavit in support of the motion for

new trial is sufficient, we find appellant's contention of jury misconduct to be without merit.

As evidence of juror misconduct, appellant claims the jury improperly based their verdict on the following facts:

(1) appellant stated his wife was a heroin addict

(2) appellant stated he bought heroin, diluted it, then sold it for profit

(3) appellant answered yes to having a past criminal history

(4) appellant's appearance looked bad

(5) appellant had friends who were heroin addicts

(6) appellant explained his heroin addiction.

As previously noted, appellant himself took the stand and testified as to all the facts which he now complains about except the fact relating to his appearance.

■■■■ It cannot be maintained that it is misconduct for jurors to base their considerations on matters shown by the evidence. *See Dennis v. State,* 108 Tex.Cr. 672, 2 S.W.2d 223, 226 (1927). Furthermore, since jurors may discuss and determine the credibility of witnesses they may consider the appearance and general demeanor of such witness. *Id.; See Hill v. State,* 153 Tex.Cr. 105, 217 S.W.2d 1009, 1013 (1948). Ground of error three is overruled.

In his fourth and last ground of error, appellant contends that the trial court erred in refusing to grant a mistrial based upon the State's submission to the jury of inadmissible and prejudicial physical evidence never connected with appellant. Appellant argues that the State's action amounted to a bad faith effort to establish by inferrence that such evidence belonged to appellant.

■■■ During the course of the trial the State elicited testimony regarding State's exhibit 3 and 4, a spoon and a clear package which contained heroin and which had been found in the automobile in which appellant was a passenger. A review of the record reveals that defense counsel did not object to this line of questioning until the State offered exhibits 3 and 4 into evidence. The

trial court at that time sustained defense counsel's objection. The fact that State's exhibit 3 and 4 were displayed before the jury prior to objection is not error. *See Craig v. State,* 480 S.W.2d 680, 682 (Tex.Cr. App.1972); *Valdez v. State,* 462 S.W.2d 24, 27 (Tex.Cr.App.1971). Furthermore, unlike defense counsel in *Craig v. State, supra,* cited by appellant, in the instant case, counsel did not include in his request for further relief the removal of State's exhibit 3 and 4 from the courtroom. Consequently, no error is shown. We find no evidence of bad faith on the part of the State.

Ground of error four is overruled.

The jugment of the trial court is affirmed.