**Michael Allen HUGHES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 4–87–00019–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1987.

Frederick M. Hawk, San Antonio, for appellant.

Fred G. Rodriguez, Phylis West, Demetrio Duarte, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a conviction for aggravated assault (deadly weapon). The trial court found appellant guilty and assessed punishment at five years imprisonment.

Appellant brings two points of error, the first that the evidence is insufficient to support the conviction because it fails to show a deadly weapon was used.

The indictment invoked the provisions of TEX.PENAL CODE ANN. § 22.02(a)(4) (Vernon Supp.1987):

A person commits an offense if the person commits assault as defined in Section 22.01 of this code and the person:

   *     *     *     *     *     *

(4) uses a deadly weapon.

The pertinent provisions of section 22.01 are:

(a) A person commits an offense if the person:

  (1) intentionally, knowingly, or recklessly causes bodily injury to another,

. . .

   *     *     *     *     *     *

"Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." TEX.PENAL CODE ANN.

§ 1.07(a)(7). It is undisputed in the present case that the evidence shows bodily injury. The only question of sufficiency is whether the weapon used meets the requirements of section 1.07(a)(11). "Deadly weapon" means:

\*　　\*　　\*　　\*　　\*　　\*

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

■ The evidence discloses that the complainant, Fred Baker, moved to San Antonio shortly before June 2, 1986, when the alleged offense occurred. He lived in a Motel Three with a woman named Terry. The appellant customarily drove Baker to work for the Independent Labor Force. On this night about 9:00 P.M. Appellant came into Baker's apartment and demanded, "Where is my stuff?" The record is silent as to the meaning of "stuff." Appellant did not testify, and Baker's statements stand unrefuted. He said that an angry appellant departed after speaking with Terry. Baker also asserted that appellant and Terry were seeing each other during that time.

About 9:30 P.M. appellant returned; Baker said he first thought appellant was picking him up for work as usual. Baker got his "earplugs and everything [for work]", closed the automatically locking door behind him, only to see appellant in the narrow hallway of the motel with a wooden baseball bat. He declared that appellant was "mad or something." Baker tried to escape by opening the locked door but failed.

He related that appellant struck him at the knees with the bat, and "knocked both legs out from under me." Appellant said, "I will kill you," and, "probably some cuss words." "I just balled up [in a fetal position]." Baker said that appellant kept hitting him on the back with the bat. When some other people arrived, appellant left in his truck. Terry then "drug me back into the room," and called EMS. The paramedics treated Baker and transported him by ambulance to a hospital, where he remained overnight.

The treating paramedic testified that Baker was in extreme pain and unable to walk when he saw him, although there were no broken bones. A San Antonio policeman stated that when he saw Baker in the trauma room at the hospital, he was in a great deal of pain. Afterward, Baker could not return to his work and moved to the hospital ward of SAM, the San Antonio Metropolitan Ministry. He remained there under a doctor's care. At trial he said he had been receiving physical therapy during the months since the incident. He used crutches to walk for about three months after the injury and walked with the aid of a cane at trial. He said an orthopedic doctor planned to release him from treatment on January 27, 1986.

Baker also testified that appellant came by about two days after the occurrence, telling him he "could have killed me." Terry left Baker and went with appellant. She did not testify.

Anton Michalec, an intelligence detective with the San Antonio Police Department, testified that in his 18 years of police experience he had seen many aggravated assault cases with a baseball bat as the weapon. He testified that a person assaulted with a baseball bat could sustain bruises and broken bones. Asked this question: "When a baseball bat is used to strike a person on the neck, back, throughout their [sic] body, is that bat capable of inflicting serious bodily injury or death?", the officer answered, "Yes." He also referred to a homicide case where death was caused by a baseball bat. The trial court, after hearing the evidence, and upon finding appellant guilty, found the evidence showed the baseball bat was "capable." We interpret that to mean that the baseball bat under the circumstances in this case, in the manner of its use, was capable of causing death or serious bodily injury. We agree.

■ A baseball bat is not a deadly weapon per se. The gist of the offense of assault with a deadly weapon, which is aggravated assault, is found in the character of the weapon and manner of its use. Article 1.07(a)(11)(B), *supra.* To constitute assault with a deadly weapon, it is not

required that the bodily injury inflicted be of a serious nature. Section 22.02(a) is written in the disjunctive: *or uses a deadly weapon.* However, injuries or wounds inflicted upon a person are a factor to consider in determining whether a weapon qualified as a deadly weapon. *Denham v. State,* 574 S.W.2d 129, 130 (Tex.Crim.App. 1978). Moreover, expert testimony is not required in making such a determination. *Id.* at 131–32. *See, Morales v. State,* 633 S.W.2d 866, 868 (Tex.Crim.App.1982).

We hold that the State sustained its burden to prove the offense of aggravated assault in that bodily injury occurred and the weapon, a baseball bat, in the manner of its use, was a deadly weapon. The first point of error is overruled.

■ Appellant next says the conviction is void because his court appointed attorney did not render effective assistance of counsel. We have examined the record and the statements in appellant's brief and find there is nothing to support the claim. Witnesses to the occurrence and its followup at the hospital testified. One witness who was not called by either party was the friend, Terry. There is nothing in the record to indicate what her testimony would have been or that counsel's actions deprived appellant of valuable testimony. *See, King v. State,* 649 S.W.2d 42, 44 (Tex. Crim.App.1983). Similarly, if counsel did not argue certain possible motions suggested to him by appellant, we are not told the circumstances of those motions or what they might have been. *See, DeLeon v. State,* 657 S.W.2d 160, 164 (Tex.App.—San Antonio 1983, no pet.). The only motion included in the record before the court is a motion for dismissal for want of speedy trial. On its face the record shows the trial occurred well within the statutory period of time.[1] In addition, the State had also filed its announcement of "ready" in the case.

The presumption is that trial counsel rendered effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668,

669, 104 S.Ct. 2052, 2055, 80 L.Ed.2d 674 (1984). The defendant has the burden of proof to establish ineffective assistance of counsel from the record by meeting a two-pronged test. The defendant must first show that counsel's performance was deficient and not "reasonably effective." After this is established, the defendant must show, as the second prong, the deficient performance prejudiced the defense. *Bridge v. State,* 726 S.W.2d 558, 571 (Tex. Crim.App.1986) citing *Strickland, supra,* 104 S.Ct. at 2064 and noting that the *Strickland* test has been adopted in Texas. (citations omitted). Appellant does not identify by page and number in the record the instances where counsel failed to render effective assistance of counsel. Therefore, nothing is presented for review. *Cook v. State,* 611 S.W.2d 83, 87 (Tex.Crim. App.1981). *See* TEX.R.APP.P. 74(f). It cannot be said that the two-pronged test of *Strickland v. Washington, supra,* has been met. It has not been shown that counsel did not render effective assistance. The point of error is overruled.[2]

The judgment is affirmed.

---

1. The Speedy Trial Act, TEX.CODE CRIM.PROC. ANN. art. 32A.02 has been declared unconstitutional. *Meshell v. State,* 739 S.W.2d 246 (Tex. Crim.App.1987).

2. Appellant says generally that information concerning effective counsel is limited, and he requests a post-conviction hearing to further develop the facts underlying his contention. The Court of Appeals is without jurisdiction to grant the request.