**M.R. MIKKILINENI, Appellant,**

v.

**CITY OF HOUSTON, Dennis Lloyd, Russell Mai, Phillip Barnard, and Gary Oradat, Appellees.**

**No. 01–98–01029–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 22, 1999.

 

Hope E. Hammill–Reh, Assistant City Attorney, Houston, TX, for Appellant.

David E. Castaneda, City of Houston Legal Dept, Houston, TX, for Appellee.

Panel consists of Justices MIRABAL, TAFT, and NUCHIA.

## ORDER

PER CURIAM.

The Court today entertained appellant's motion to extend the time to file his affidavit of indigence. Tex.R.App.P. 20.1(c)(3). We **DENY** appellant's motion.

On August 31, 1998, the trial court entered summary judgment against appellant and Talasila, a dissolved partnership. Appellant timely filed his notice of appeal on September 18, 1998.[1] Tex.R.App.P. 25.1, 26.1. On October 19, 1998, appellant's motion for leave to proceed *in forma pauperis* was filed in this Court, which appellant alleges was mailed on October 14, 1998.[2] *See* Tex.R.App.P. 9.2(b)(1) (stating that a document received within ten days after the filing deadline may be considered timely filed).

Under rule 20.1(a) of the Texas Rules of Appellate Procedure, a party may proceed without advance payment of costs if the party files an affidavit of indigence in compliance with the rules. Tex.R.App.P. 20.1(a). Rule 20.1(c)(1) provides that the affidavit of indigence must be filed in the trial court *with or before* the notice of appeal. Rule 20.1(c)(3) provides that this Court may extend the time to file the affidavit if, within 15 days after the date the notice of appeal is filed, the party files

a motion to extend time. *See* Tex.R.App.P. 20.1(c)(3); *Holt v. F.F. Enters.*, 990 S.W.2d 756 (Tex.App.—Amarillo 1998, pet. denied); *see also* Tex.R.App.P. 10.5(b).

Appellant's motion to proceed *in forma pauperis* was not filed with or before his notice of appeal as required by rule 20.1(c)(1). Appellant's motion was filed 26 days, using the date appellant claims to have mailed the motion, after the notice of appeal was filed.

As appellant's motion to proceed *in forma pauperis* was filed after both the deadline to file the motion and the deadline to file an extension, his motion does not comply with rule 20.1. Thus, appellant's motion was not timely filed. Accordingly, we **DENY** the motion to proceed *in forma pauperis*.

The clerk's record will be due **45 days** from the date of this order, pending payment by appellant. Because this is an appeal from a summary judgment, we assume there is no reporter's record. Appellant's brief will be due **30 days** after the filing of the clerk's record. *See* Tex. R.App.P. 38.6.

Appellees' motion to dismiss the appeal for want of prosecution remains pending in this Court. All other pending motions are overruled. If 45 days pass and payment for the record has not been made and appellant has not made arrangements for payment, appellant's appeal will be subject to dismissal under Tex.R.App.P. 37.3(b).

It is so **ORDERED.**

---

1. The notice of appeal does not include Talasila, a dissolved partnership.

2. We will assume for purposes of this order that appellant did mail the motion to proceed

*in forma pauperis* on October 14, 1998, although there is no evidence in the record to support appellant's assertion.