NO. 07-01-00316--CV 



IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 27, 2001


______________________________




RAYMOND BISHOP,


 Appellant

v.


ROBERT VICKERS,



 Appellee

______________________________
 

FROM THE 151ST DISTRICT COURT OF HARRIS COUNTY;


NO. 98-56711; HON. CAROLINE E. BAKER, PRESIDING

______________________________


ORDER ON APPELLANT'S MOTION TO DISMISS APPEAL

 


Before BOYD, C.J., QUINN and JOHNSON, JJ. 

 Raymond Bishop, appellant, has moved to dismiss his appeal contending that he 
"has sustained new injuries for which he has additional or further remedies rather than
appeal." Without passing on the merits of the case, we grant the motion pursuant to Texas
Rule of Appellate Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed the
appeal at appellant's personal request, no motion for rehearing will be entertained, and our
mandate will issue forthwith.


 Brian Quinn 

 Justice

Do not publish.



ment of costs if the party files an affidavit of indigence in compliance
with the Rules. Rule 20.1(c) provides that an affidavit of indigence must be filed in the trial
court with or before the notice of appeal, and Rule 20.1(c)(3) further provides that the time
in which to file the affidavit may be extended if, within 15 days after the date the notice of
appeal was filed, the party files a motion for extension of time in compliance with Rule
10.5(b). (Emphasis added).

 Appellant's motion to proceed in forma pauperis and his affidavit of poverty was not
filed in the trial court with or before his notice of appeal nor was it filed within the 15-day
window with a motion for extension of time. See Mikkilineni v. City of Houston, 4 S.W.3d
298, 299 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Moreover, the Texas Rules of
Appellate Procedure do not provide for an affidavit mistakenly filed in this Court to be
deemed filed in the trial court. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759
(Tex.App.-Amarillo 1998, pet. denied). Thus, because appellant's affidavit was untimely
filed in this Court, it is ineffective to excuse him from paying the $125 filing fee. Failure to
pay the fee within 15 days may result in dismissal of this appeal. Tex. R. App. P. 42.3(c). 
Accordingly, appellant's motion is overruled. 

 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.