NO. 07-01-0171-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 3, 2002

_____


CHRISTOPHER WILLIAM BUNCH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13,131-B; HONORABLE JOHN BOARD, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Christopher William Bunch appeals from his conviction by a jury for possession of methamphetamine with an aggregate weight of four grams or more but less than 200 grams and the resulting court-assessed punishment of 35 years confinement in the Institutional Division of the Department of Criminal Justice. Finding no reversible error, we affirm the judgment of the trial court.

Appellant urges error in 11 issues. In his first two issues, he claims the trial court erred in allowing the State to prove an extraneous offense of manufacturing methamphetamine and prior felony convictions at the guilt/innocence phase of the trial. In his third through tenth issues, appellant claims he received ineffective assistance of counsel because counsel failed to object to: the admission of a hearsay letter telling how to deal in narcotics and manufacture methamphetamine, a recipe as to how manufacture methamphetamine by the "Nazi" method, a hearsay statement to the effect that appellant had a supplier and "contacts," the introduction of a vitablend jar, the court's charge because burden of proof instructions should have been included regarding extraneous acts, the court's charge because a limiting instruction regarding extraneous acts should have been included, and failed to file a motion to suppress a search warrant or any pretrial motions. In his eleventh issue, appellant argues that the present procedure for determining ineffective assistance of counsel on direct appeal by use of a presumption is a violation of his right to counsel under the sixth amendment to the U.S. Constitution.

Based on a search warrant, police raided a home on April 7, 2000, occupied by appellant, his wife Amanda Bunch, Amanda's brother Nicholas Dale, and Darrell Rider. The home was apparently owned by Rider, but appellant and his wife had been living there for several months and were attempting to purchase it from Rider. Appellant and his wife occupied the southeast bedroom. During the raid, police found several letters in an office addressed to "Chris" providing a recipe on how to cook methamphetamine and advice on running such a business. There was also a bottle of B-12 supplement, some baggies and

2

scales. On the dresser in the southeast bedroom they found a glass-smoking pipe, which can be used to smoke marijuana, and a letter addressed to appellant from Plains National Bank. In addition, there was a film canister containing six ziplock bags with powder identified as methamphetamine and a small baggie containing marijuana. The aggregate weight of the methamphetamine was 8.15 grams. Several items were found in the garage which could be used to manufacture methamphetamine.

In his first issue, appellant complains the State introduced evidence during the guilt-innocence phase of the trial that he was manufacturing methamphetamine, although he was only charged with possession. During a discussion of the contents of the letters found in the office, appellant objected to the questioning on the basis that he was not on trial for manufacturing the drug. The State responded that the evidence was necessary to establish whether appellant knowingly and intentionally possessed the drug, and the fact that the letter addressed to him described how to manufacture and deliver methamphetamine was relevant to his knowledge of the drug in the house. The court overruled the objection.

Rule 404(b) of the Rules of Evidence provides:

**(b) Other Crimes, Wrongs or Acts.** Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given

3

in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

In deciding this issue, we must first determine whether the evidence is relevant to a material contested issue other than character. If so, we must determine on request whether the relevancy value outweighs the prejudicial effect. *Montgomery v. State*, 810 S.W.2d 372, 387-88 (Tex.Crim.App. 1990); *Hernandez v. State*, 13 S.W.3d 492, 500 (Tex.App.--Amarillo 2000), *rev'd on other grounds,* 60 S.W.3d 106 (Tex.Crim.App. 2001). We overturn the ruling of the trial court only if there was an abuse of discretion. *Montgomery,* 810 S.W.2d at 391.

Appellant was charged with knowingly and intentionally possessing a controlled substance. Therefore, intent or knowledge was an essential element of the State's burden of proof. No drugs were actually found on appellant's person, and there was evidence that other persons lived in the house where the drugs were found. Appellant's defensive theory was that the drugs belonged to his wife, who also lived in the house.

In *Hawkins v. State*, 871 S.W.2d 539 (Tex.App.--Fort Worth 1994, no pet.), the police conducted a raid on a house occupied by the defendant and several other persons. In a bathroom from which the defendant emerged, the police found three small plastic bags containing what was later identified to be cocaine, as well as an automatic pistol. The court noted the defendant was only one of several occupants of the house, and therefore his mere presence was not sufficient to prove possession of cocaine. The pistol provided

the link, however, because it was reasonable to conclude the defendant placed it in the bathroom to protect the drugs he possessed. *Id.* at 541. Therefore, it was relevant and its admission did not unfairly prejudice the defendant. *Id.* at 542.

Similarly, in *Strong v. State*, 805 S.W.2d 478 (Tex.App.--Tyler 1990, pet. ref'd), the court found that a notebook, which recorded drug transactions between the defendant and his co-defendants preceding the incident for which he was on trial was relevant to prove the defendant's intent to establish, maintain, or participate in combination and to conspire to commit the offense of unlawful delivery of cocaine. *Id.* at 486. Likewise, we believe that the letters addressed to "Chris," which provided a recipe for manufacturing methamphetamine and advice as to its distribution, were relevant to show that he knowingly or intentionally possessed the substance.

Furthermore, even if an objection had been made pursuant to Rule 403 of the Rules of Evidence, we do not believe the probative value of this evidence was outweighed by its prejudicial effect. Even if the content of the letters was inadmissible, the letters themselves had been previously admitted into evidence without objection, and some testimony about the contents occurred before appellant made his objection, thereby rendering any error harmless. *See Mayes v. State,* 816 S.W.2d 79, 88 (Tex.Crim.App. 1991). Appellant's first issue is overruled.

In his second issue, appellant complains that the State was improperly allowed to prove an extraneous offense by way of his prior felony convictions. The allegedly improper

evidence arose during the presentation of appellant's case as a result of the testimony of his wife Amanda, who claimed the drugs belonged to her. In its cross-examination of Amanda, the State attempted to attack her credibility by proving her motive for offering the testimony. In doing so, the following exchange occurred:

Q. The fact of the matter is ma'am, you do have something to gain by your testimony here today, don't you?

A. No, I have nothing to gain.

Q. You have nothing to gain? Do you want your husband to go to prison?

A. No, I do not want my husband to go to prison.

Q. Do you want him to be convicted of a felony?

A. I would hate for that to happen.

Q. Whose exposure is greater here, anyway?

[DEFENSE COUNSEL]: Your Honor, I object to that line of questioning. Can we approach?

    (Following held at the Bench):

[DEFENSE COUNSEL]: As far as the question, what his exposure is, they have no idea about his prior felony convictions.

THE COURT: I think there has been testimony about that already. I'll give the jury a limiting instruction that they don't consider that for the purposes of what her motivation might be, but I think she's opened the door by saying she doesn't have any incentive and I think he is okay to ask her about that. I will give an instruction on that.

    (Open court)

Q. Who has the greater exposure? You or Chris?

A. What exactly do you mean?

Q. Well, if somebody's got to take the fall – if somebody's got to take responsibility, who is in a better position to take the fall?

A. Neither of us are in a better position, in my opinion.

Q. You are in equal positions?

A. Not really. But –

Q. No you're not, are you?

A. No.

Q. Why not?

A. I – why aren't we in an equal position?

Q. Well, you just said that you weren't. Why not?

A. Because we ain't.

Q. Well, there's got to be a reason, ma'am.

A. Well, I don't want to answer that question.

Q. You don't want to answer it? I would like the Court to instruct her to answer the question.

THE COURT: You need to answer that question.

A. It would be my third felony and I don't know of the time that I would get or the time that I would serve. But I guess because Chris has – I mean he has more of a criminal history than I do.

Q. And that's why his exposure – his risk is greater than yours, isn't it?

A. I guess if you would like to say that.

Q. No, ma'am. I'm asking you if that's the truth?

7

A. Yes, it is.

Q. It is?

THE COURT: Ladies and gentlemen, let me instruct you right now with that testimony. I want you to consider that testimony only for the limited purpose of why the witness might be testifying the way she is, and not as to the guilt or innocence of Mr. Bunch.

The witness had already testified as to her own prior criminal history and that she had no motive for taking responsibility for the crime other than telling the truth. The actual offenses and the details of them were not enumerated, and the question was asked only to challenge the testimony of the witness that she had no other motive than the truth in testifying that she had committed the crime. Evidence of extraneous offenses can be admissible to rebut a defensive theory. *See Crank v. State*, 761 S.W.2d 328, 343-45 (Tex.Crim.App. 1988), *cert. denied,* 493 U.S. 874, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989). Further, when a defendant opens the door by introducing a matter into a proceeding, evidence to fully explain the matter becomes admissible even though it might not have been otherwise. *Streff v. State,* 890 S.W.2d 815, 819-20 (Tex.App.--Eastland 1994, no pet.). We believe the testimony was relevant to show that the witness may have had a purpose other than the truth in offering evidence in support of the defense's theory of the case. Even if the admission of the evidence was error, it was rendered harmless by the limiting instruction provided by the court. *Gary Carlton Camp v. State*, 925 S.W.2d 26, 32 (Tex.App.--Tyler 1995, pet. ref'd). We therefore overrule appellant's second issue.

In issues three through eleven, appellant contends he received ineffective assistance of counsel. The standards by which we review effective assistance of counsel are so well known that it is unnecessary for us to recite them in detail. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). In addition to showing deficient performance, appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different, and a reasonable probability is one sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. There is also a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. Consideration of the totality of the representation rather than isolated acts or omissions determines the effectiveness of counsel. *Ex parte Kunkle,* 852 S.W.2d 499, 505 (Tex.Crim.App.), *cert. denied*, 510 U.S. 840, 114 S.Ct. 122, 126 L.Ed.2d 87 (1993).

In his third and fourth issues, appellant complains that counsel was ineffective in allowing the admission without objection of the hearsay letter which told how to deal in narcotics and manufacture methamphetamine by the Nazi method of ephedrine reduction. Isolated instances of a failure to object to inadmissible argument or evidence does not render counsel ineffective. *Passmore v. State*, 617 S.W.2d 682, 686 (Tex.Crim.App. 1981), *overruled on other grounds by Reed v. State*, 744 S.W.2d 112 (Tex.Crim.App. 1988); *Jordan v. State*, 859 S.W.2d 418, 421 (Tex.App.--Houston [1st Dist.] 1993, no pet.).

9

Furthermore, hearsay is a statement other than one made by the declarant that is offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). The letter and recipe were not offered to prove the truth of the contents, *i.e.*, that the recipe and methods of dealing in narcotics were correct or even that appellant manufactured or distributed narcotics. They were offered to prove knowledge and intent to possess methamphetamine. To demonstrate that counsel was ineffective for failing to object, appellant must show that if he had objected, the trial court would have committed error in refusing to sustain the objection. *Vaughn v. State*, 888 S.W.2d 62, 74 (Tex.App.--Houston [1st Dist.] 1994), *aff'd,* 931 S.W.2d 564 (Tex.Crim.App. 1996). No such showing has been made.

In his fifth issue, appellant similarly argues that his counsel was ineffective for failing to object to a hearsay statement that he had a supplier and "contacts." This statement occurred on rebuttal when the State called Officer Tim Williams, who was involved in the search of the residence, to testify. He explained that the police were always interested in finding the supplier of drugs. Williams spoke to Amanda and told her that if she cooperated in helping the police arrest appellant's suppliers, he would pass that information on to the prosecutor. In response, Amanda told him she wanted to help, but that appellant had most of the contacts. Appellant complains that this statement, admitted without objection, was used to show that he was a drug dealer.

Appellant fails to rebut the presumption that the actions of counsel were the result of a strategic or reasonable decision when the record is silent as to why no objection was

10

made. *Romero v. State*, 34 S.W.3d 323, 327 (Tex.App.--San Antonio 2000, pet. ref'd); *Gamble v. State,* 916 S.W.2d 92, 93 (Tex.App.--Houston [1st Dist.] 1996, no pet.). Since there was no motion for new trial addressing the failure to object to this particular statement and no other evidence in the record in that regard, there is only speculation that an objection to this statement would have been beneficial to appellant. *Miranda v. State*, 993 S.W.2d 323, 327-28 (Tex.App.--Austin 1999, no pet.).

The basis of appellant's sixth complaint is the failure to object to the introduction into evidence of a "Vitablend jar" with his fingerprints on it. However, appellant fails to state why this evidence was objectionable, show that an objection would have been sustained, or demonstrate that the failure to object was not a strategic decision.

Appellant argues in his seventh issue that his counsel should have filed a motion to suppress the search warrant used to search the residence and obtain the physical evidence admitted at trial. The search warrant does not appear in the record, and appellant does not state the basis upon which such a motion should have been made. He has therefore failed to prove that a motion to suppress would have been granted as required to establish that a failure to file the motion amounted to ineffective assistance of counsel. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998).

In his eighth and ninth issues, appellant asserts his trial counsel was ineffective for failing to object to the court's charge in that the burden of proof instructions should have been included in the charge regarding the extraneous acts introduced into evidence

11

during the guilt/innocence phase of the trial and that limiting instructions should have been included in the charge regarding the extraneous acts. Counsel is not necessarily deficient for failing to request an instruction on extraneous offenses. *Johnson v. State*, 629 S.W.2d 731, 736 (Tex.Crim.App. 1981). It is possible counsel did not wish to draw further attention to any extraneous offenses. Further, the jury had already been given a limiting instruction with respect to any mention that appellant had suppliers and was so instructed again orally by the court prior to beginning their deliberations. Where the record fails to reflect counsel's reasoning, we will presume he exercised reasonable professional judgment. *Poole v. State*, 974 S.W.2d 892, 902 (Tex.App.--Austin 1998, pet. ref'd).

In his tenth issue, appellant complains that his counsel failed to file any pretrial motions. Trial counsel's failure to file pretrial motions generally does not result in ineffective assistance of counsel. *Hayes v. State,* 484 S.W.2d 922, 925 (Tex.Crim.App. 1972); *Autry v. State*, 27 S.W.3d 177, 182 (Tex.App.--San Antonio 2000, pet. ref'd). The shotgun filing of motions does not itself aid the defense and is not essential to effective preparation, and in the absence of any showing as to what motions should have been filed and how appellant would have benefitted from them, there has been no showing to overcome the presumption that counsel's performance was effective. *De Leon v. State*, 657 S.W.2d 160, 164 (Tex.App.--San Antonio 1983, no pet.).

Appellant further argues that while any one of the alleged deficiencies by itself might not be sufficient to deny him a fair trial, the cumulative effect of the errors deprived

him of one. In *Davis v. State*, 930 S.W.2d 765 (Tex.App.--Houston [1st Dist.]1996, pet. ref'd), the court found that counsel's performance as a whole did not fall below the objective standard of reasonableness, even though his only pretrial motions were to reset the case, he asked only one question on voir dire, objected only three times during the testimony of the State's witnesses, and called no witnesses of his own. *Id.* at 768. However, counsel cross-examined all three of the State's witnesses and in closing argument addressed the inappropriateness of a female officer searching the defendant's underwear and the discovery of a small amount of cocaine found by washing out a crack pipe in the defendant's possession. *Id.*

In this instance, appellant's counsel cross-examined all but one of the State's 12 witnesses who testified in the guilt /innocence phase of the trial, most of whom were police officers. He also cross-examined both rebuttal witnesses called by the State. He further called two witnesses to the stand on appellant's behalf, including appellant's wife, who testified that the methamphetamine belonged to her. While it is true that counsel only objected twice during the trial, those objections were to the evidence which tended to prove manufacture of the drug and to Amanda's motive for testifying, which related to appellant having more convictions than her. Counsel also objected to the State's request for the inclusion of an instruction on the law of parties in the charge. During the punishment phase, counsel called both appellant and his brother to the stand to testify. Under these facts and because the record does not reflect counsel's reasons for his acts or failures to act, we cannot say that his conduct fell below the required standard or that

there is a reasonable probability that the outcome of the trial would have been different if he had acted in another manner. We thus overrule appellant's third through tenth issues.

In his eleventh and final issue, appellant argues that the present standard for determining the effectiveness of counsel on direct appeal by use of a presumption that counsel rendered adequate assistance with respect to any issue that does not appear in the record violates his right to counsel under the sixth amendment of the U.S. Constitution. The presumption that counsel's performance was reasonable was approved by the U.S. Supreme Court in *Strickland. See Strickland*, 466 U.S. at 689. In *Thompson v. State*, 9 S.W.3d 808 (Tex.Crim.App. 1999), the court noted that a "substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Id.* at 813. This is true because to defeat the presumption of reasonable assistance, the record must affirmatively demonstrate that ineffectiveness. Usually the record on direct appeal does not adequately reflect the failings of counsel. *Id.* at 813-14. Thus, a post-conviction application for writ of habeas corpus is the better way to raise such claims. *Tong v. State*, 25 S.W.3d 707, 714 n.10 (Tex.Crim.App. 2000), *cert. denied*, 523 U.S.1053, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001).

Appellant points out that in *Ex parte Varelas,* 45 S.W.3d 627 (Tex.Crim.App. 2001), the defendant complained by way of a post-conviction application for writ of habeas corpus that he had been denied effective assistance due to his counsel's failure to request that the jury be instructed that they must find beyond a reasonable doubt that the defendant

14

committed the extraneous acts before considering them and his counsel's failure to request a limiting instruction as to the jury's use of the extraneous acts. *Id.* at 629. On direct appeal, the court had been unable to determine counsel's reasons for failing to object to the charge but, in the habeas corpus proceeding, the court had an affidavit from counsel from which it could determine whether the failure was the result of trial strategy, and the case was remanded for a new trial. *Id.* at 632.

Appellant argues that he or any other person in the same position would be obligated to start the writ process without a court-appointed attorney and would possibly not understand the proper issues to raise. Thus, he would be denied his right to counsel in his presentation of this issue. He asserts that there is no reason to wait until a writ is filed to settle this matter, but we should remand the case now for a hearing to develop evidence on this claim.

We are not at liberty to disregard the precedent set by the Court of Criminal Appeals. The clear direction given by that court is that a finding of ineffective assistance of counsel must be affirmatively shown in the record. If the record that is provided on direct appeal is not complete enough to do so, the relief sought may be obtained through an application for writ of habeas corpus, at which time such evidence may be established. Although we do not know of any authority to the effect that an inmate is entitled to counsel in order that he may file collateral attacks on his conviction except in a death penalty case,

appellate counsel may inform his client of his right to file an application for writ of habeas corpus on the basis of ineffective representation. Appellant's eleventh issue is overruled.

In summary, we overrule all of appellant's issues and, finding no reversible error, we affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Do not publish.

16