NO. 07-03-0309-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 8, 2003

______________________________

WARREN P. CANADY, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE

_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 088254-00-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Warren P. Canady, an inmate proceeding pro se, filed a notice of appeal from the trial court’s order dismissing his claim against the Texas Department of Criminal Justice-Institutional Division for injuries he allegedly sustained.  Canady timely filed his notice of appeal on July 7, 2003.  By letter dated July 9, this Court notified Canady that no further action would be taken in this appeal until the $125 filing fee was received and that failure to pay the fee might result in dismissal under Rule 42.3(c) of the Texas Rules of Appellate Procedure.
(footnote: 1)  In response, on July 25, 2003, he filed an application to proceed in forma pauperis.  For the reasons expressed herein, we dismiss the appeal.

Pursuant to Rule 20.1(a), a party may proceed without advance payment of costs if the party files an affidavit of indigence in compliance with the Rules.  Rule 20.1(c) provides that an affidavit of indigence 
must be filed in the trial court with or before the notice of appeal
, and Rule 20.1(c)(3) further provides that the time in which to file the affidavit may be extended if, within 15 days after the date the notice of appeal was filed, the party files a motion for extension of time in compliance with Rule 10.5(b).  (Emphasis added).

Canady’s application to proceed in forma pauperis was not filed in the trial court with or before the notice of appeal nor was it filed within the 15-day window with a motion for extension of time.  
See
 Mikkilineni v. City of Houston, 4 S.W.3d 298, 299 (Tex.App.–Houston [1st Dist.] 1999, no pet.).  Thus, it is ineffective to excuse him from paying the filing fee.  

Accordingly, the appeal is dismissed.

Don H. Reavis

         Justice

FOOTNOTES
1:
All references to rules are to the Texas Rules of Appellate Procedure.