NO. 07-11-0244-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 22, 2011

———————————————————

CARMEN LOMELI,

Appellant

v.

THE STATE OF TEXAS,

Appellee

———————————————————

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 4535; HONORABLE STUART MESSER, PRESIDING

———————————————————

*Memorandum Opinion*

———————————————————

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Carmen Lomeli was convicted of possessing a controlled substance, namely methamphetamine. She argues that 1) the evidence is insufficient to sustain her conviction, and 2) the trial court erred in failing to hold a hearing on her motion for new trial. We affirm the judgment.

*Sufficiency of the Evidence*

We review challenges to the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010) to which we refer

the parties. Appellant contends the evidence is insufficient to show that she knew that a large quantity of methamphetamine was hidden in a secret compartment in the truck she was driving when she was stopped for speeding on Interstate 40.

The State was required to prove that appellant exercised actual care, control, or custody of the controlled substance and knew the matter was contraband. *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Though not exclusive, the following constitute factors useful in determining whether such knowledge existed: 1) the accused was present when the search was conducted, 2) the contraband was plainly visible to those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made incriminating statements, 7) the defendant attempted to flee, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) the defendant had the right to exclusive or joint possession of the locale at which the drugs were found, 11) the place where the drugs were found was enclosed, 12) the accused attempted to conceal the contraband, and 13) the accused was familiar with the type of contraband involved. *Kyte v. State,* 944 S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.); *Hurtado v. State,* 881 S.W.2d 738, 743 n.1 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). The number of factors present is not as important as the degree to which they tend to link the defendant to the contraband. *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd). It is therefore the logical force of the circumstantial evidence, not the number of links, that supports a verdict. *Evans v. State,* 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

Appearing of record is evidence that 1) appellant was traveling alone in the vehicle where the drugs were found, 2) appellant appeared extremely nervous to the trooper stopping her, and appellant's nervousness, which included shaking hands, heavy breathing, and a pulsing carotid artery, increased throughout the traffic stop even though she was informed that she would only receive a warning, 3) appellant's name was on the vehicle registration but she did not know the name of the other person whose name appeared on the registration and admitted at trial she did not know that person, 4) appellant initially told the trooper that she was traveling to Oklahoma City to visit a friend, but later told him she was stressed and wanted to get away, 5) appellant would not look at the trooper when answering questions, 6) there were three cell phones as well as multiple food and drink containers, toilet paper, a pillow, and a blanket in the car, which indicated to the trooper that she did not want to leave the vehicle, 7) appellant told another trooper after her arrest that she was traveling from California to Oklahoma City to pick up a friend who had been deported and was illegally returning to this country, 8) appellant said she had gotten the truck at a car wash in California from a man she did not know who registered the truck in her name, 9) appellant did not know how to contact her friend in Oklahoma City, 10) appellant was going to travel to Minnesota after leaving Oklahoma City to pick up some money, but she did not know how much and told a trooper that "the less [she] knew, the better," 11) appellant was being paid $3,000 for her trip as well as $2,000 in expenses, 12) appellant admitted she lied to the trooper who stopped her vehicle, and 13) a receipt for the purchase of grommets that were used to conceal the hidden compartment in which the methamphetamine was located was found in the vehicle. Knowledge may be

3

inferred from the conduct and the remarks of the accused and the circumstances surrounding the acts in which the accused engages. *Dunn v. State,* 13 S.W.3d 95, 98-99 (Tex. App.–Texarkana 2000, no pet.). The evidence viewed in its most favorable light was sufficient for the jury to find that appellant had knowledge of the methamphetamine. While she argues that her actions were the result of her aiding a friend to return to this country illegally and not as a result of the illegal transportation of drugs, that matter was for the jury to resolve and we will not disturb its decision on appeal.

*Motion for New Trial*

Appellant also complains of the trial court's failure to hold a hearing on her motion for new trial. That motion was based in part on a claim of juror misconduct. Attached to the motion for new trial was an affidavit from an investigator who stated he had talked to juror Jill Reynolds who told him that "she knew that the amount of drugs was just under what would have made this case a federal crime" and that she knew the "maximum for the federal crime would have been 80 years." The jurors then allegedly divided eighty by two to arrive at the amount of years to which appellant was sentenced. Reynolds agreed to meet with the investigator to sign a written statement but later sent a text message saying she would have to do it at another time. No further contact was had between the investigator and Reynolds.

We review the trial court's decision for abuse of discretion. *See Hobbs v. State,* 298 S.W.3d 193, 199-200 (Tex. Crim. App. 2009) (stating that the trial court abuses its discretion in failing to hold a hearing on a motion for new trial if the motion and accompanying affidavits raise matters not determinable from the record and establish

4

reasonable grounds showing that the defendant could potentially be entitled to relief). A motion for new trial based on juror misconduct must be accompanied by an affidavit from a juror or someone else in a position to know or state a reason or excuse for failing to produce such an affidavit. *Dugard v. State,* 688 S.W.2d 524, 528 (Tex. Crim. App. 1985), *overruled on other grounds by Williams v. State,* 780 S.W.2d 802 (Tex. Crim. App. 1989); *Cyr v. State,* 308 S.W.3d 19, 30 (Tex. App.–San Antonio 2009, no pet.). One way to do so is to state that the juror refused to make an affidavit. *See Garcia v. State,* 291 S.W.3d 1, 11-12 (Tex. App.–Corpus Christi 2008, no pet.); *De Leon v. State,* 657 S.W.2d 160, 165-66 (Tex. App.–San Antonio 1983, no pet.).

The affidavit provided by the investigator does not state that Reynolds refused to execute an affidavit. It states that Reynolds texted: "If a statement will prevent this case from getting a new trial, then will be glad to give one, it will have to be tomorrow or next week though." This does not evince a refusal to execute an affidavit, but rather some ambivalence on the matter. Yet, even if that message could be construed as a refusal to execute an affidavit, there was no explanation as to why the investigator failed to contact other jurors to request affidavits from them or that no juror would execute an affidavit. So, as the record now stands, the only data supporting the allegation of jury misconduct was hearsay imparted by the investigator, and the trial court need not hold a hearing when presented with inadmissible evidence in a deficient affidavit. *Martin v. State,* 823 S.W.2d 391, 393 n.1 (Tex. App.–Texarkana 1992, pet. ref'd) (holding that a hearing on the motion for new trial was unwarranted since the affidavit consisted of defense counsel's hearsay about what a juror said to him and there was no explanation

5

why other jurors' affidavits were not supplied, assuming the juror who spoke with defense counsel refused to execute an affidavit).

Accordingly, having overruled both issues, the judgment is affirmed.


Per Curiam


Do not publish.