Howard Jerome WILLIAMS, Appellant,

v.

The STATE of Texas, State.

No. 2–91–126–CR.

Court of Appeals of Texas,
Fort Worth.

June 30, 1992.

Rehearing Overruled Aug. 12, 1992.

Richard S. Podgorski, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., David C. Colley and Vicki Foster, Assts., Denton, for appellee.

Before HILL, FARRIS and MEYERS, JJ.

OPINION

MEYERS, Justice.

Appellant, Howard Jerome Williams, appeals from a conviction by the jury of possession of a controlled substance, cocaine, weighing less than twenty-eight grams. *See* TEX.HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D) and 481.115(a) & (b) (Vernon Pamph.1992). Punishment was assessed by the jury at thirteen years confinement and a $4,745.00 fine.

We affirm.

On or about January 2, 1990, Virginia Witt, a teacher with the Denton State School, observed three black males stand-

ing on the railroad tracks outside her office window. Witt observed that other people would come up and talk to the men and then leave. She observed the same three men and activity over the next several days.

On January 5, 1990, after observing similar activity, Witt became suspicious and decided to call the police. An officer arrived with binoculars, and observed the three men from Witt's office window. Officer Davenport, observed the three suspects, one later identified as Howard J. Williams, for approximately thirty minutes. During that time, Officer Davenport noticed two unidentified black females approach the three men from Robertson Street. He then saw one of the men walk approximately ten feet, reach down into "some clothes" that were lying alongside the railroad tracks, and pull something out. The man then walked back and handed something to one of the females who, in turn, handed something back to him.

Later, Officer Davenport observed an unknown black male walk up and speak to Williams. The unknown black male then walked up to one of the other men who, in turn, walked over to the same pile of clothes lying alongside the railroad tracks. He reached in and grabbed something and then handed it to Williams. Williams handed the item to the unidentified black male who then handed something to Williams. Williams then handed some money to the third man who placed it in his right shoe.

Based on this surveillance, Officer Davenport radioed for two marked patrol units to move in and detain the suspects, including Williams, for questioning. Once on the scene, Officer Davenport went over to the pile of clothing he had observed and retrieved a "dry [empty] package of Kool cigarettes" which contained small baggies of cocaine. Williams was arrested, and at the time he was carrying a piece of copper tubing sometimes used for smoking rock cocaine and $40.00 cash.

In a single point of error, Williams argues that there was insufficient evidence to support the jury's finding of possession. Williams argues the State failed to prove

he had sole access to the contraband or that he was affirmatively linked to it.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ The standard for review is the same for direct and circumstantial evidence cases. *Butler v. State*, 769 S.W.2d 234, 238 (Tex.Crim.App.1989). Nevertheless, the court of criminal appeals has stated: "when reviewing the sufficiency of circumstantial evidence, we ordinarily utilize the outstanding reasonable hypothesis theory as an analytical tool." *Madden v. State*, 799 S.W.2d 683, 690 (Tex.Crim.App.1990).

■ To establish unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt (1) that the defendant exercised care, control and

management over a substance (2) which he knew to be contraband. *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim. App.1986). These elements may be proved by circumstantial evidence. *Sewell v. State,* 578 S.W.2d 131, 135 (Tex.Crim.App. [Panel Op.] 1979).

As Williams asserts, the State may secure a conviction for possession by demonstrating joint possession of contraband between the defendant and another person. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App.1985). The presence of the defendant at the place where the contraband is found is not enough to establish joint possession, there must be additional facts showing knowledge and control. *Humason v. State,* 728 S.W.2d 363, 365 (Tex.Crim.App.1987).

In the present case, there was evidence that the cocaine was in close proximity and readily accessible to Williams. *See Lewis v. State,* 664 S.W.2d 345, 349 (Tex. Crim.App.1984). The evidence also showed that paraphernalia to use the cocaine was found on Williams. *See id.* Additionally, Officer Davenport testified he observed Williams take something from one of the other men who had retrieved it from the pile where the cocaine was found. Not soon after, when the officers affected their arrest, the cocaine was recovered from the pile of clothing.

Williams offers no alternative reasonable hypothesis of guilt. After viewing the evidence, we find any rational trier of fact could have found the essential elements of the crime of possession beyond a reasonable doubt. Williams' point of error is overruled.

Judgment is affirmed.