Willie L. HAWKINS, Appellant,

v.

The STATE of Texas, State.

No. 2–92–381–CR.

Court of Appeals of Texas,
Fort Worth.

March 8, 1994.

Travis W. Young, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty.; Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section; Francine Y. Lyles, Asst. Crim. Dist. Atty., Fort Worth, for state.

Before LATTIMORE, DAY and FARRAR, JJ.

## OPINION

FARRAR, Justice.

Appellant, Willie Lee Hawkins, was convicted by a jury of possession of a controlled substance, specifically less than twenty-eight grams of cocaine. TEX.HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp.1994). Appellant pled true to one enhancement count and two habitual counts, and the court assessed punishment of thirty-three years confinement in the Institutional Division of the Texas Department of Criminal Justice.

We affirm.

On March 6, 1991, Fort Worth Police narcotics officers conducted a drug raid at a house occupied by appellant and several other persons. As the police approached the house, they saw several people inside run from the front room toward the rear of the house. An officer heard the people shout, "police," and when the officer entered the house she pursued several persons who were running down the hallway.

The bathroom door slammed and locked shut; then a loud crash was heard through the bathroom door. Police, outside the door called for a battering ram. Appellant then emerged from the bathroom, tightening his belt. Police conducted a pat-down search and found a .25 caliber bullet in appellant's pocket. A shattered pyrex-type mixing bowl was found in the bathtub along with a great deal of water. The toilet had not been used, and there was no water service. Three small plastic bags, each containing an off-white, rock-like substance, were found in the bathroom trash can. The substance was later identified as crack cocaine. In addition, a .25 caliber Bauer automatic pistol was found in a box in front of the bathtub. A further search of the residence uncovered more drugs in the living room and an opened letter, addressed

to appellant at that address, hidden under a mattress.

■ In his sole point of error, appellant contends the trial court erred when it admitted testimony regarding the pistol found during the raid. Appellant contends possession of the pistol was irrelevant to the offense charged, possession of a controlled substance, and testimony regarding the pistol was prejudicial. Appellant characterizes the pistol as same transaction contextual evidence, sometimes referred to as res gestae evidence, and because this "extraneous offense" was not so closely interwoven as to be a part of the offense for which he was tried, the trial court erred in admitting testimony regarding the gun. *See Rogers v. State,* 853 S.W.2d 29, 32 (Tex.Crim.App.1993) (opinion on reh'g) (same transaction contextual evidence admissible only if the instant offense would make little or no sense without it). Appellant has cited no authority for the proposition that possession of a pistol on one's own premises is an offense. *See* TEX.PENAL CODE ANN. § 46.05 (Vernon 1989) (unlawful for a felon to possess a firearm *away* from premises where he lives). However, we consider whether testimony regarding the extraneous act of possession of a handgun was irrelevant and prejudicial.

■ The Texas Rules of Criminal Evidence favor the admission of all logically relevant evidence. *Montgomery v. State,* 810 S.W.2d 372, 375 (Tex.Crim.App.1990); TEX. R.CRIM.EVID. 402. Relevant evidence is that which has any tendency to make the existence of any fact, of consequence to the determination of the action, more probable or less probable. *Montgomery,* 810 S.W.2d at 387. TEX.R.CRIM.EVID. 401. Establishing the relevancy of an extraneous act is the first step in the trial court's determination of whether the evidence should be admitted. *Rogers,* 853 S.W.2d at 32; *Montgomery,* 810 S.W.2d at 375; TEX.R.CRIM.EVID. 401. Relevancy is not an inherent characteristic, it arises from the evidence's relation to a matter properly provable in the case. *Montgomery,* 810 S.W.2d at 375. If the evidence tends to make more or less probable an elemental fact or if it inferentially supports or challenges an elemental fact, it is relevant.

*Id.* at 387; TEX.R.CRIM.EVID. 401. Because reasonable persons may differ when determining whether a particular inference arises from a piece of evidence, we will not disturb the trial court's ruling as long as it is within the zone of reasonable disagreement. *Rogers,* 853 S.W.2d at 32; *Montgomery,* 810 S.W.2d at 391. If logically relevant, the evidence will be admissible unless the opponent demonstrates that it should be excluded because of some other constitutional, statutory or evidentiary provision, such as Rule 404. *Id.*

■ Rule 404 prohibits the use of character evidence to prove commission of the charged offense. TEX.R.CRIM.EVID. 404(a). Thus, although relevant, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." TEX.R.CRIM.EVID. 404(b). However, evidence of other crimes, wrongs, or acts may be admitted if it has relevance apart from the tendency to prove character of the accused. *Montgomery,* 810 S.W.2d at 387. The rule enumerates as examples, motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R.CRIM.EVID. 404(b). However, this list is neither exclusive nor exhaustive. *Rogers,* 853 S.W.2d at 33. *Montgomery,* 810 S.W.2d at 388. Control, while not an element of possession, is necessary to the proof of the instant offense. *Williams v. State,* 833 S.W.2d 676, 678 (Tex.App.—Fort Worth 1992, pet. ref'd). It can be likened to the examples enumerated in 404(b). It is more than mere contextual evidence. Possession of a pistol is relevant to the issue of control and knowledge that cocaine was in the bathroom. *Martin v. State,* 823 S.W.2d 726, 729 (Tex.App.—Waco 1992, pet. ref'd).

In the instant case, appellant was one of several occupants of the house. His mere presence was not enough to prove possession. The State needed an affirmative link between appellant and the drugs found in the bathroom. The bullet and the pistol provided this link. It is reasonable to conclude appellant placed the pistol in the bathroom to protect whatever drugs he possessed. The pistol makes more probable appellant's do-

minion over the drugs. Evidence which makes control more or less probative is both relevant and admissible under TEX.R.CRIM. EVID. 404(b).

▬ Further, we conclude the pistol's probative value was not substantially outweighed by the danger of unfair prejudice. TEX.R.CRIM.EVID. 403. Rule 403 favors the admission of relevant evidence unless its probative value is substantially outweighed by the danger of unfair prejudice. *Montgomery*, 810 S.W.2d at 389. The trial court is in the superior position to evaluate the impact of the evidence, and its ruling will not be disturbed absent a clear abuse of discretion. *Id.* at 379. In the instant case, the pistol, hidden in a box in the bathroom in close proximity to the illicit drugs, was relevant to the issue of control. Its admission did not unfairly prejudice appellant.

We overrule this point of error and affirm the trial court's judgment.