

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00051-CR

**LAWRENCE EDWARD BLUE,**

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **Appellant**

 **v.**

**THE STATE OF TEXAS,**

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **Appellee**

_____

## From the 272nd District Court
## Brazos County, Texas
## Trial Court No. 11-02471-CRF-272

_____

## MEMORANDUM  OPINION

_____

The jury convicted Lawrence Blue of the offense of possession with intent to deliver a controlled substance, cocaine, in a drug free zone. The jury assessed punishment at forty-five years confinement. We affirm.

### Sufficiency of the Evidence

In his first issue on appeal, Blue argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd* , 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

**Facts**

On February 23, 2011, the Bryan Police Department executed a narcotics search warrant. There were three houses that were the subject of the search, and Lawrence Blue was a subject named in the warrant. Officer Jon Agnew, along with two other officers, conducted surveillance for the search warrant, and Officer Agnew provided information to the officers executing the warrant. Officer Agnew testified that he set up around 6:30 a.m. and that he observed Blue drive up to one of the houses in a white pickup. Blue got out of the pickup and went in the house, but left in the pickup a short time later. Blue returned in the pickup and went back into the house carrying a plastic bag. Blue went back and forth between the three houses that were the subject of the search warrant and then sat outside in a chair between the properties.

Officer Agnew testified that Blue sat in the chair for approximately ten minutes and then a car drove up to the property. Blue got up from the chair, went and got something out of a tree, and then approached the car. Blue walked to the driver's side window of the car and an exchange took place. The car left, and Blue walked back to the tree and placed something back into the tree. Officer Agnew testified that he was certain he observed a drug deal. Officer Agnew notified Sergeant Gabriel Alvarez by radio of his observations. Sergeant Alvarez then brought in the team to execute the search warrant. Officer Agnew kept surveillance on the area, particularly the tree, until the team arrived to execute the warrant. Officer Agnew stated that no one else approached the tree prior to the officers arriving.

Sergeant Alvarez testified that he was the first person who went to the tree after Officer Agnew's observations. Sergeant Alvarez stated that there was a razor blade stuck in the tree. There was also a divot in the tree and inside of the divot was a plastic bag. There were forty-five rocks in the plastic bag that were determined to be crack cocaine. Sergeant Alvarez testified that the amount of cocaine was consistent with that of a drug dealer.

**Possession**

Blue specifically argues that the evidence is insufficient to show that he knowingly or intentionally possessed the cocaine. To prove unlawful possession of a controlled substance, the State was required to prove that: 1) Blue exercised control, management, or care over the substance; and 2) Blue knew that the matter possessed was contraband. *Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011); *Poindexter* v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Whether this evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. This is the whole of the so-called 'affirmative links' rule." *Poindexter* v. State, 153 S.W.3d at 405-6. The affirmative links rule is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs. *Poindexter* v. State, 153 S.W.3d at 406. When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Id*. The

affirmative link may be shown by direct or circumstantial evidence, but in either case it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. *Id*.

The evidence shows that Blue was alone outside the houses subject to the search warrant. After a car pulled up, Blue went to a tree, took something from the tree, went to the driver's side of the car, and exchanged something with the driver. The car left, and Blue returned something to the tree. Officers maintained surveillance and no one else approached the tree after Officer Agnew observed the transaction between Blue and the driver of the car. Officer Agnew testified that he was certain he observed a drug transaction. A jury could reasonably find beyond a reasonable doubt that Blue's connection to the cocaine was much more than just a fortuitous accident. *See Blackman v. State*, 350 S.W.3d at 596. We find that the evidence is sufficient to show that Blue possessed the cocaine. We overrule the first issue.

## Admission of Evidence

In his second issue, Blue argues that the trial court erred in admitting evidence of items found at the location where he was arrested. In the third issue, he complains that the trial court erred in admitting extraneous offense evidence.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." TEX. R. EVID. 401. Relevant evidence is generally admissible. TEX. R. EVID. 402. Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403. Absent an abuse of discretion, we will not disturb a trial court's decision whether to admit or exclude evidence. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). Under the abuse of discretion standard of review, we will uphold a trial court's evidentiary ruling so long as that ruling is within the zone of reasonable disagreement. *Id.*

**Evidence Admitted at Trial**

Blue contends that the trial court erred in admitting evidence of items found at the location where he was arrested during the execution of the search warrant. Officer Randall Hall testified that he searched the outside of one of the houses where Blue was located. Officer Hall stated that he was at the back of the residence and that he saw a metal toolbox that goes on the back of a pickup. He cut the locks on the toolbox and inside he found firearms and a bag containing $14,385.

Officer Paul Mahoney testified that drug dealers keep their money and drugs in separate locations. Officer Mahoney further testified that it is common for drug dealers to have a weapon to protect their drugs and money.

The State was required to prove that Blue possessed the cocaine with the intent to deliver. Evidence that weapons were found in close proximity to Blue was relevant to show that the weapons were used for protection of the drugs. *See Levario v. State*, 964 S.W.2d 290, 297 (Tex. App.—El Paso 1997, no pet.); *Hawkins v. State*, 871 S.W.2d 539, 541-2 (Tex. App.—Fort Worth 1994, no pet.). The evidence makes it more probable that Blue

possessed the drugs with the intent to deliver. The trial court found that the probative value of the evidence outweighed the prejudicial effect and admitted the evidence with a limiting instruction. The trial court did not abuse its discretion in admitting the evidence. We overrule Blue's second issue.

**Extraneous Offenses**

Officer Mahoney testified that he conducted three undercover drug transactions involving Blue prior to Blue's arrest. Officer Mahoney stated that he purchased crack cocaine from Blue in a constructive delivery. Officer Mahoney indicated to Blue that he wanted to purchase forty dollars worth of crack cocaine, and another individual delivered the crack cocaine to Officer Mahoney. Officer Mahoney testified that he purchased the crack cocaine with impressed funds and that those funds were recovered in the tool box at the residence.

Rule 404(b) of the Rules of Evidence provides that evidence of extraneous offenses is not admissible "to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). However, Rule 404(b) allows evidence of extraneous offenses if the evidence has relevance apart from character conformity. For example, extraneous offense evidence may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b); *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). Evidence that Blue had constructively delivered drugs to Officer Mahoney about two weeks before his arrest was relevant to show that, on the date of his arrest, he possessed the cocaine with the intent to deliver. *Gately v. State*, 321 S.W.3d 72, 81 (Tex. App.—Eastland 2010, no

pet.).  The trial court did not abuse its discretion in admitting the extraneous offense evidence.  We overrule Blue's third issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 7, 2013
Do not publish
[CRPM]