

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00063-CR

LENAR ALEXANDER CORALES                                        APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1324785D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Lenar Alexander Corales appeals his conviction for attempted capital murder and his sentence of sixty years' confinement.  We affirm.

## Background Facts

On April 28, 2013, Alicia King and her boyfriend, Victor Perez, went to King's father's house to celebrate his birthday.  In the early evening, King; Perez;

----------

[1]*See* Tex. R. App. P. 47.4.

King's sister, Jennifer; and Jennifer's boyfriend, Stephen Herrera, were returning to the house from moving some furniture and saw Appellant driving down the street away from King's father's house.

Around 9 p.m. that night, Perez was leaving the house. King walked him to his car, and Perez put his son in the passenger seat. Two of King's sisters, who were also standing in the front yard at the time, saw Appellant walk across the lawn to where King and Perez were standing.

Appellant shot King in the chest. He then shot Perez once in the back, and as Perez turned around and put his body in front of his son, Appellant shot Perez once in the head. Appellant then turned back to King. She put her arm up to protect her face, and Appellant shot her again. The bullet went through her arm and into her forehead, shattering the front of her skull. Upon observing Appellant approach King the second time, one of King's sisters, Cari, moved behind a car and called 911. Appellant then fled.

Officer William Callaway encountered Appellant walking down the street. Callaway testified that Appellant was "[n]ervous, sweaty," and evasive in answering questions. Based on information provided by the witnesses to the shooting, Callaway identified Appellant as the suspect from a tattoo on his stomach. Police detained Appellant while two witnesses were brought to identify him. Both Herrera and Cari positively identified Appellant and noted that he was no longer wearing the sweatshirt he had on earlier. King's two sisters and Herrera also later identified Appellant from a photo lineup as the shooter.

Police found Appellant's car about a block away from the house. Police also found a gray hoodie near where they had arrested Appellant. King testified that Appellant wore a gray Nike hoodie "[a]lmost all the time." She testified that the sweatshirt depicted in one of the State's photographs appeared to be the one that Appellant wore that night. Both of King's sisters also testified that Appellant had been wearing a dark or gray hoodie.

Police found a revolver in the front yard of a house a few houses down the street from the shooting. A bullet recovered from Perez was identified as having been fired from that gun. Gun residue was found on Appellant's right hand. Appellant eventually gave a videotaped confession to the shootings.

Both King and Perez survived the shootings. At trial, they both affirmatively identified Appellant as the man who had shot them. The State admitted into evidence, without objection, three photographs of the gray sweatshirt depicting the location it was found and one photograph of the sweatshirt taken at the police lab. It also offered the actual sweatshirt into evidence. Appellant objected that it was not relevant. The trial court overruled the objection, and the sweatshirt was admitted.

A jury found Appellant guilty of attempted capital murder and assessed punishment at sixty years' confinement. The trial court sentenced Appellant accordingly. Appellant then filed this appeal.

**Discussion**

In one point of error, Appellant argues that the trial court erred by admitting the gray hooded sweatshirt into evidence because the exhibit was hearsay, not relevant, and any probative value was substantially outweighed by the danger of causing unfair prejudice, confusion of issues, and misleading the jury. An appellate court reviews a trial court's decision to admit evidence for an abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004). A trial court abuses its discretion in admitting evidence if that decision falls outside the wide zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

An objection preserves only the specific ground cited. Tex. R. App. P. 33.1(a)(1)(A); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997). At trial, Appellant only objected to the admission of the sweatshirt on relevancy grounds. Thus, any other objection that Appellant presents on appeal has been forfeited. *See Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."). Appellant did not object under Rule 403 and did not assert the probative value of the exhibit was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury; nor did he object that the exhibit was hearsay. *See* Tex. R. Evid. 403, 801, 802.

4

Therefore, Appellant failed to preserve these issues for appellate review. *See Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993).

Relevant evidence is that which has any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable. See Tex. R. Evid. 401, 403; *Hawkins v. State*, 871 S.W.2d 539, 541 (Tex. App.—Fort Worth 1994, no pet.) (citing *Montgomery*, 810 S.W.2d at 387).

All of the witnesses to the shooting testified that the shooter had been wearing a dark or gray hooded sweatshirt. When police found Appellant, he was wearing a t-shirt and was no longer wearing the hooded sweatshirt that the witnesses described. Police found a gray hooded sweatshirt near where they found Appellant. King identified the sweatshirt as appearing to be the one that Appellant was wearing when he shot her. The sweatshirt therefore makes Appellant's identity as the shooter more likely and is thus relevant. Accordingly, the trial court did not abuse its discretion by overruling the relevancy objection and admitting the sweatshirt.

Further, Appellant did not object at trial to the admission of the four photographs of the sweatshirt. Nor does Appellant now complain of the admission of the photographs of the same sweatshirt. *See Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (citing *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)) (stating that erroneous admission of evidence will not require reversal when other such evidence was received

5

without objection), *cert. denied*, 131 S. Ct. 905 (2011). We therefore overrule Appellant's point.

## Conclusion

Having overruled Appellant's point of error, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 23, 2015