

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-14-00181-CR

MICHAEL YARIAN                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                 STATE

----------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1362151

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michale Yarian appeals his conviction and sentence for misdemeanor criminal mischief. *See* Tex. Penal Code Ann. § 28.03(a), (b) (West 2011). We affirm.

### Background Facts

Around 10:00 p.m. on the evening of August 9, 2013, Appellant was at the Domino's Pizza in downtown Fort Worth. The manager of the restaurant,

---

[1]*See* Tex. R. App. P. 47.4.

Zachariah Adams, saw Appellant talking to one of the employees and observed that Appellant was upset. Adams asked Appellant if he could help him, and Appellant responded in "muddled English." Eventually, Adams understood that Appellant wanted the phone number for Domino's corporate office. Adams gave the number to Appellant, who went outside to call on his cellphone.

Appellant tried to re-enter the store to give Adams his cellphone to talk. Adams, knowing that that was not the normal company policy, told Appellant to leave. Appellant sat down outside the store's door and refused to leave. He then started walking around the parking lot in front of the store looking "extremely agitated." He then started "slapping and banging" on the store's glass door. Adams called 911.

While Adams was on the phone with the 911 dispatch, Appellant pulled the spoiler off the trunk of one of the delivery cars. He used the spoiler to break the glass door of the store.[2] Police arrived and found Appellant sitting in a pile of broken glass. He was bleeding from his hands and arms. Police treated his

---

[2]Appellant denied intentionally damaging the spoiler and window. He testified,

> I got out to about where the sidewalk was at, and another car was there, a black car, and the next thing I know, this car has dragged me down the parking lot, okay? And the reason the spoiler came off is because my shoe got caught up underneath the car and I had to pull on the spoiler to actually get my foot out from underneath the car. That's one thing they didn't tell you. And pretty soon the car stops, slams on its brakes, the spoiler came off, and I went through the [store's glass door].

wounds and tried to question him, but Appellant "wasn't able to give accurate details as to exactly why certain events unfolded, like why the glass was broken or even why he had a problem with the establishment." The two officers who questioned him believed he was impaired from alcohol or drugs. Appellant was taken to the hospital and then arrested.

Appellant was charged with two counts of criminal mischief, one for the damage to the door and one for the damage to the car. During trial, the State waived the count for the damage to the car. A jury found Appellant guilty of criminal mischief. The trial court assessed a punishment of 180 days' confinement in Tarrant County Jail. Appellant then appealed.

## Discussion

In Appellant's sole point of error, he argues that the trial court abused its discretion by admitting a written witness statement by the damaged car's owner. An appellate court reviews a trial court's decision to admit evidence for an abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004). A trial court abuses its discretion in admitting evidence if that decision falls outside the wide zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). Relevant evidence is that which has any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable. *See* Tex. R. Evid. 401, 403; *Hawkins v. State*, 871 S.W.2d 539, 541 (Tex. App.—Fort Worth 1994, no pet.) (citing *Montgomery*, 810 S.W.2d at 387).

3

After the State had rested and had waived the count of criminal mischief for damage to the car, it questioned Appellant about his claim that he had been hit by the car:

[THE STATE:] Did the car stop there in the parking lot?

[APPELLANT:] Yeah. Right there at the front door.

[THE STATE:] What happened to the driver?

[APPELLANT:] He took off down Texas Avenue, back street.

[THE STATE:] Walking?

[APPELLANT:] No. With the car.

[THE STATE:] I asked you if the car stopped, so he stopped and then drove off away?

[APPELLANT:] Yeah. The statement says that.

[THE STATE:] Excuse me?

[APPELLANT:] The statement says he went down Texas Avenue after he hit me.

[THE STATE:] Whose statement is this?

[APPELLANT:] You're going to play games, huh?

[THE STATE:] I'm sorry? Whose statement is this, sir?

[APPELLANT:] You never read a statement in the whole case talking about a guy drove down Texas Avenue looking for a cop?

[THE STATE:] You mean the statement by Mr. Nelson?

[APPELLANT:] I believe so.

[THE STATE:] He opened the door.

4

. . . All right, sir. I'm going to show you what's been marked as State's Seven and ask you if that's the statement you're asking about.

[APPELLANT:] Yeah. Right here, it says pulled out on 10th Street, a left onto Texas—that means Texas Avenue—and made a right on East Lancaster, or Lancaster. I'm sorry. Lancaster. When I spotted a cop.

[THE STATE:] Why don't you read the rest of the statement since you read part of it?

[APPELLANT:] I immediately did—

[THE STATE:] Start at the very beginning.

[APPELLANT:] I ain't reading all that.

[THE STATE:] Your Honor, since the witness is refusing the request, I would request that the statement be admitted at this point.

[APPELLANT'S COUNSEL]: We would object, Your Honor. It's impeachment, but I think it's irrelevant. The State has the statement of another witness.

[THE STATE]: It was hearsay, Your Honor, and he brought it up. He started talking about it and he read from it; therefore, the State is entitled to bring it back up.

THE COURT: All right. It's in. It's admitted.

The witness statement read in its entirety:

A man was in the carry[-]out [area] acting unruly, so the [Manager] on Duty asked him to leave. The man remained in the parking lot, so the [Manager] on duty makes a 911 call. I had a delivery up so I went on with business as usual[,] headed to my vehicle. The man was at the building making a ruckus, so I used the chance to leave[.] [A]s I back out[,] I see the man running my way then he takes/snatches the spoiler of[f] of the rear of my vehicle and then runs to the building using the spoiler as a weapon. I immediately pull off and go looking for police officers.

5

I pull out on 10th Street[,] made a left onto [T]exas[,] made a right on [L]ancaster when I spot police. I immediately do a u[-]turn and follow the police to the store.

Relevancy is the only objection that Appellant made at trial and his only argument on appeal. Appellant's defense was premised on his contention that he did not intentionally or knowingly damage the glass door but was instead thrown into it by a car that had hit him. *See* Tex. Penal Code Ann. § 28.03(a) (requiring for the commission of criminal mischief that the person intentionally or knowingly damage property). Appellant's mental state at the time of the incident was a fact of consequence. The statement that Appellant "[ran] to the building using the spoiler as a weapon" makes it more likely that Appellant intentionally or knowingly damaged the door and is thus relevant. The trial court did not err by admitting the statement. We overrule Appellant's point.

## Conclusion

Having overruled Appellant's sole point of error, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 30, 2015

6