

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00141-CR

---

KENNY FERNELL GRAVES                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1361708D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kenny Fernell Graves appeals his conviction and sentence for sexual assault. We affirm.

### Background Facts

In 2013, Jane Dear[2] lived at the Delux Inn motel, where she had resided for almost eight years. Late in the evening on July 7, 2013, Dear was sitting in

---

[1]*See* Tex. R. App. P. 47.4.

her room with her door cracked open, smoking a cigarette before going to bed. She was texting her daughter and looked up from her phone to see a man standing outside her door "playing with himself." She later identified the man as Appellant. Dear testified that she had never seen Appellant before that night.

Dear asked Appellant "to please go somewhere else," but he refused. Dear stood up to close her door, but Appellant pushed the door open and tried to get Dear to perform oral sex on him. Appellant said, "If you don't do it, I'm going to shoot you." Dear stood up. Appellant pushed Dear onto the bed, told her to take off her shorts, and proceeded to have sex with her.

When Appellant finished, he told Dear to go clean herself. Dear said, "I went and got a washcloth, and I pretended I was cleaning up real good, but I just barely washed, because I knew at that point that I was going to call the police after he left, because he didn't have a right to do that." Appellant then used a washcloth to clean himself and left, taking the washcloth with him.

Dear called the police, and they took her to the hospital to perform a sexual assault examination. The sexual assault nurse noted injuries to Dear's genital area and wrists. DNA from Dear's sexual assault kit matched Appellant's profile, which was already in the CODIS DNA database. A Fort Worth police detective created a photospread that included Appellant's picture. Another

---

[2]The complainant used a pseudonym at trial. *See* Tex. Code Crim. Proc. art. 57.02 (West Supp. 2015). We use the same pseudonym here. *See* 2nd Tex. App. (Fort Worth) Loc. R. 7.

2

detective showed Dear the photospread, and she identified Appellant as the man who assaulted her.

Appellant was arrested and charged with sexual assault. A jury found Appellant guilty, found the habitual offender allegation true, and assessed punishment at fifty years' confinement. The trial court sentenced Appellant accordingly. Appellant then filed this appeal.

## Discussion

### 1. Bad acts

In his first issue, Appellant argues that the trial court erred by admitting prejudicial and irrelevant evidence that he violated bond conditions by cutting off his GPS monitoring device and moving to a different address without notifying the probation office. Appellant also complains of testimony regarding the search for Appellant and his arrest, which he argues "elevate[d] the importance to the jury of what was really a routine arrest."

Relevant evidence is that which has any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable. *See* Tex. R. Evid. 401, 403; *Hawkins v. State*, 871 S.W.2d 539, 541 (Tex. App.—Fort Worth 1994, no pet.) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)). Such evidence is presumed to be more probative than prejudicial and should be excluded under rule 403 only if there is a "clear disparity between the degree of prejudice of the offered evidence and its probative value." *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App.

3

2001). Unfair prejudice justifying exclusion means more than a tendency to injure or prejudice a defendant, which of course is the point of introducing evidence in the first place, but refers to an undue tendency to suggest a decision on an improper basis. *See Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999); 1 Steven Goode et al., *Texas Practice Series: Guide to the Texas Rules of Evidence* § 403.2 (3d ed. 2015). In making a rule 403 determination, a trial court is to balance many factors, including the probative force of the evidence, the State's need for the evidence, any tendency to suggest a decision on an improper basis or confuse the jury, and the likelihood that the presentation of the evidence will consume an inordinate amount of time. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42 & n.8 (Tex. Crim. App. 2006).

Outside the presence of the jury, the State presented evidence through criminal investigator Mark Thornhill that Appellant, while out on bond, was required to secure court approval before moving residences but did not and that he had removed his GPS monitoring device and had thrown it in a dumpster. Thornhill also described following Appellant's ex-wife as she moved boxes from Appellant's old address until she led them to Appellant's new apartment so they could arrest him. Appellant objected to the evidence being presented to the jury on the grounds that it was irrelevant and more prejudicial than probative. *See* Tex. R. Evid. 401, 403. The trial court overruled Appellant's objection and when the evidence was presented to the jury, gave the following limiting instruction:

4

You are instructed that if there's any testimony before you in this case regarding the defendant having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other acts, if any, were committed and even then you may only consider the same in determining identity, motive, common plan, or scheme, if any, of the defendant in connection with the offense, if any, alleged against him in the indictment in this case and for no other purpose.

Now, the admission of any extraneous conduct does not relieve the state of its burden of proving each and every element of the offense charged beyond a reasonable doubt.

Similar limiting instructions were also included in the jury charge.

Appellant's theory at trial, as he stated in his opening argument, was that the sexual encounter with Dear was consensual. To rebut this theory, the State introduced the above evidence to demonstrate Appellant's consciousness of guilt and intent to flee. As Appellant acknowledges, evidence of extraneous offenses may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See* Tex. R. Evid. 404(b)(2). This includes evidence of an intent to flee. *See Alba v. State*, 905 S.W.2d 581, 586 (Tex. Crim. App. 1995), *cert. denied*, 516 U.S. 1077 (1996) (holding extraneous offense related to defendant's flight admissible under rule 404(b)). Such evidence is also admissible to rebut a defensive theory put forth by the defendant. *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008) ("[A] defense opening statement, like that made in this case, opens the door to the admission of extraneous-offense evidence, like that admitted in this case, to

5

rebut the defensive theory presented in the defense opening statement."). The complained-of evidence was thus relevant to and probative of Appellant's consciousness of guilt, demonstrating that he knew Dear did not consent to the sexual encounter. *See* Tex. R. Evid. 401, 403.

Further, the trial court gave limiting instructions that alleviated concerns that the jury would be confused by the evidence or would use it for an improper purpose. *See Price v. State*, 351 S.W.3d 148, 154 (Tex. App.—Fort Worth 2011, pet. ref'd) (citing *Burton v. State*, 230 S.W.3d 846, 851 (Tex. App.—Houston [14th Dist.] 2007, no pet.)). Courts of appeal presume that the jury follows the trial court's instructions. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). Appellant has not suggested that the jury failed to follow the trial court's limiting instructions. *See id.* We therefore conclude the trial court did not abuse its discretion by admitting the complained-of evidence, and we overrule Appellant's first issue.

## 2. Sufficiency of the evidence

In his second issue, Appellant argues that the evidence is insufficient to support his conviction. Specifically, he points to alleged discrepancies between the sexual assault nurse's testimony that Dear's wrists were discolored and photographs of Dear evidencing no injury and between Dear's testimony that Appellant pushed his way into her room and security video footage. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether

6

any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

A person commits sexual assault if he intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means without that person's consent. Tex. Pen. Code Ann. § 22.011(a)(1)(A) (West 2011). Appellant did not dispute that he had sex with Dear. He argued only that it was consensual.

The testimony of a victim, standing alone, is sufficient to support a conviction for sexual assault. *Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990). There is no necessity of physical injury for a conviction. *Edwards v. State*, 97 S.W.3d 279, 291 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Appellant's complaints go to the credibility of the witnesses, and the jury is the sole judge of the credibility. *Johnson v. State*, 23 S.W.3d 1, 6 (Tex. Crim. App. 2000). Further, Dear testified that after she asked Appellant to leave, she stood up to close the door, and Appellant pushed his way in. The security video shows Appellant approaching Dear's room and leaning on the door for roughly three to four seconds before entering. Dear was sixty-four years old at the time of trial. She had high blood pressure, high cholesterol, and arthritis. She lived on disability payments from the Social Security Administration. Appellant was thirty-five years old at the time of trial and taller than Dear. The jury could have

7

reasonably believed that the struggle to which Dear testified was brief and that Appellant quickly overpowered the older, disabled Dear.

Viewing the evidence in a light most favorable to the verdict, we conclude a rational trier of fact could have found beyond a reasonable doubt that Dear did not consent to the sexual encounter with Appellant. The evidence is therefore sufficient to support the jury finding of guilt. We overrule Appellant's second issue.

**3. Competency**

In his third issue, Appellant argues that the trial court erred by failing to have Appellant evaluated for competency to stand trial. Article 46B.003(a)(1) and (2) of the Texas Code of Criminal Procedure provides, in pertinent part, that "[a] person is incompetent to stand trial if [he] does not have . . . sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding; or . . . a rational as well as factual understanding of the proceedings against [him]." Tex. Code Crim. Proc. Ann. art. 46B.003(a)(1)–(2) (West 2006). A defendant is presumed to be competent unless proved incompetent by a preponderance of the evidence. *Id.* art. 46B.003(b). However, any "suggestion" of incompetence to stand trial requires the trial court to conduct an "informal inquiry" to determine whether evidence exists to justify a formal competency trial. *Id.* art. 46B.004(c) ("On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the

8

defendant may be incompetent to stand trial."). This suggestion of incompetency "is the threshold requirement for an informal inquiry . . . and may consist solely of a representation from any credible source that the defendant may be incompetent." *Id.* art. 46B.004(c–1) (West Supp. 2015).

Evidence showing incompetence may include truly bizarre behavior by the defendant or a recent history of "severe mental illness or at least moderate mental retardation." *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009), *superseded on other grounds by statute*, Tex. Code Crim. Proc. Ann. art. 46B.004(c–1). Appellate courts review a trial court's decision whether to conduct a formal competency examination for an abuse of discretion. *Id.* at 426. A trial court abuses its discretion if its decision is arbitrary or unreasonable. *Id.*

Prior to voir dire, after both sides had announced that they were ready, Appellant's trial counsel stated,

> Judge, there's something I need to put on the record. Mr. Graves is in the courtroom. I had gotten a report. Someone told me that Mr. Graves had attempted suicide in his cell. I didn't ask him about that, but I have talked with him in the last few minutes. He says he's ready for trial.
>
> I went over his elections. I told him he could have the Judge to decide punishment after a jury trial or the jury decide punishment after a jury trial. He stated he wanted to have a—a jury—jury election of punishment.
>
> I asked him if he was okay. He stated he was. He seems to be coherent and understands what's going on. I don't have, at this point, any question that he is competent to stand trial. I do . . . believe he is.

9

And he's also told me that he—that he's not going to be a behavior problem. And I don't think anything he's done would suggest that he—he would be a threat to anybody in the courtroom with the possible exception of himself but—but not in the courtroom.

THE COURT: All right. Mr. Graves, please stand and face the Court.

. . . .

Mr. Graves, it was brought to my attention at about 12:40 today that you were found in the holdover cell with a belt around your neck in an effort to commit suicide. And I wanted to find out, first of all, what your present physical condition is. And just looking at you, you appear to be okay. Do—are you—are you feeling okay?

THE DEFENDANT: Yes, sir. Yes, Your Honor.

After a discussion regarding whether Appellant should be required to wear a stun belt during the trial, the trial court said,

It's been also brought to my attention, Mr. Graves, that you have been examined by sheriff's department medical personnel, including MHMR personnel, this afternoon. And, of course, the sheriff's department wants me to keep a shock device on you; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: That's what they want.

I am—I'm telling you right now, if there's any problems, I will have one on you. Okay. But . . . we'll have it taken off.

THE DEFENDANT: Yes, sir, Your Honor.

THE COURT: All right. But if there's any problem whatsoever, it will be on.

THE DEFENDANT: There won't be no problem.

Appellant's trial counsel did not provide evidence supporting an incompetency finding such as "truly bizarre behavior" or "severe mental illness or at least moderate mental retardation." *Id.*; *see also Grizzard v. State*, No. 01-06-00930-CR, 2008 WL 2611865, at *6 (Tex. App.—Houston [1st Dist.] July 3, 2008, no pet.) (mem. op., not designated for publication) (holding that trial court did not abuse its discretion by not finding appellant incompetent when he was suicidal the night before when, among other things, "appellant had met with his trial attorney immediately before the sentencing phase began and the attorney represented to the court that appellant was aware of what was going on and wanted to participate in the punishment phase of the trial"). He stated that Appellant had the present ability to consult with him with a reasonable degree of rational understanding and had a rational as well as factual understanding of the proceedings against him. *See* Tex. Code Crim. Proc. Ann. art. 46B.003(a)(1)–(2). Appellant's attempt at suicide, without any evidence of severe mental illness, is not a suggestion of incompetence requiring a hearing. *See Maines v. State*, 170 S.W.3d 149, 150 (Tex. App.—Eastland 2005, no pet.) ("[A] defendant cannot avoid trial by intentionally disabling himself.") (citing *Bottom v. State*, 860 S.W.2d 266, 267 (Tex. App.—Fort Worth 1993, no pet.)). And even if Appellant's suicide attempt necessitated court review, the trial court did conduct an informal inquiry into Appellant's competence and noted that Appellant "appear[ed] to be okay" and that Appellant had been examined by "medical personnel, including MHMR

11

personnel." The trial court did not abuse its discretion by failing to order a competency evaluation. We overrule Appellant's third issue.

## Conclusion

Having overruled Appellant's three issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 17, 2015

12